IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FREDRICK McNEAL                                                                    PETITIONER
REG. #28417-044

V.                                    NO.  2:05CV00018 JWC

LINDA SANDERS, Warden,                                                          RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Fredrick McNeal, a federal inmate, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #2) challenging a disciplinary conviction he received while incarcerated at the Federal Correctional Institution (FCI) in Forrest City, Arkansas.[1] Respondent has responded (docket entries #6, #7).  For the reasons that follow, the petition must be DISMISSED.[2]

While conducting an area search of Petitioner's quarters on June 18, 2003, Senior Officer M. Padgett discovered a rigid metallic item, about 9.5 inches long, beneath the locker containing Petitioner's personal effects.  The item had been sharpened to a point on one end.  Petitioner was charged with possession, manufacture, or introduction of a weapon, dangerous chemical, explosive or ammunition.  In response to the disciplinary charge, Petitioner said that he and three Mexicans had gotten into an argument and that the next day (June 18), he went to clean trash cans, then came back and took a shower.

---

[1] Although Petitioner has not informed the Court of any change of address, the Bureau of Prisons website (www.bop.gov) shows that he is now at FCI-Greenville, P.O. Box 5000, Greenville, Illinois 62246. The Clerk of the Court is directed to mail a copy of this decision to him at the FCI-Greenville address, in addition to the FCI-Forrest City address reflected in the file.

[2] The parties have consented to the jurisdiction of the Magistrate Judge (docket entry #8).

He said, when he came back from the shower, he was told to go to the lieutenant's office, where he was advised of the charge.  (6/18/03 Incident Report [docket entry #6, p.5].)

A discipline hearing was held on July 10, 2003, at which Petitioner appeared with a staff representative.  At the hearing, Petitioner stated that the weapon was not his, that he had an altercation with three Hispanic inmates earlier, and that he felt like one of them had put the weapon under his locker.  He said he had no reason to need a weapon and only wanted to do his time without any problems.  Petitioner presented statements from two inmates who said they heard Petitioner arguing with some Hispanic inmates.  (DHO Report [docket entry #6, pp. 7, 10-12].)

The discipline hearing officer found that Petitioner had committed the charged offense, stating that the decision was based on Officer Padgett's written statement that he found the weapon under Petitioner's locker.  The hearing officer also stated that he considered Petitioner's denial but said he gave greater weight to the other evidence presented, which indicated that Petitioner had a motive to manufacture a weapon due to his earlier altercation with three inmates.  The sanction imposed was thirty days of disciplinary segregation, with fifteen days suspended pending 180 days of clear conduct, along with disallowance of fourteen days of good conduct time.  (DHO Report [docket entry #6, pp.11-12].)

Petitioner alleges that the BOP violated his constitutional due process rights and its own policy statements because:

    (1)    The discipline hearing officer relied upon confidential informant information to support his finding and failed to advise Petitioner of this fact.

    (2)    Petitioner is "actually innocent" of the charged offense, and the allegations contained in the incident report, investigation, evidence, a June 22, 2003

memorandum and all related documentation are insufficient to support the hearing officer's decision; he says one or more of the Hispanic inmates with whom he had an earlier verbal altercation had planted the alleged weapon under his locker in retaliation, then alerted staff members.

(3) The hearing officer did not consider the testimony of Petitioner's witnesses that they were there during the earlier argument, and the disciplinary officer failed to call the reporting officer to determine the veracity of the information and the reliability of the informant.

(4) On appeal, the BOP regional office incorrectly stated that the discipline hearing officer did not rely upon a confidential informant to find guilt.

(5) Petitioner was unable to adequately to prepare against the charge because he was not provided with all the evidence used against him (i.e., advisement that a confidential informant's statement had been used).

As relief, Petitioner asks the Court to order the BOP to expunge the incident report and reinstate his lost good conduct time.

Most of Petitioner's arguments attack the sufficiency of the evidence supporting his disciplinary conviction and the alleged use and non-disclosure of information from a confidential informant. Due process requires only that the record contain "some evidence" to support a prison disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). The relevant question "is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455 (emphasis added). This "some evidence" rule allows the federal courts to defer to the judgment of prison officials in maintaining discipline in their institutions while meeting constitutional requirements. Id. at 456. This limited review by federal courts does not require examination of the entire record, independent assessment of credibility of witnesses, or weighing of the evidence. Id. at 455. A witnessing officer's violation report is "some evidence." Id. at 456; Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990); Rudd v.

Sargent, 866 F.2d 260, 262 (8th Cir. 1989).  Prison officials thus can rely on conduct violation reports to find inmates guilty of disciplinary infractions.  Rudd, 866 F.2d at 262.

Here, the discipline hearing officer stated that he was relying on the witnessing officer's report that he found a weapon under Petitioner's locker, as well as the testimony that Petitioner had been involved in an earlier altercation with other inmates, providing a motive for him to have a weapon.  Under the lenient Hill standard, this constitutes "some evidence" supporting the hearing officer's finding that Petitioner committed the prohibited act of possessing a weapon.

There is no evidence in this Court's record that the hearing officer was aware of, much less that he relied upon, information from a confidential informant in reaching his finding.  Although paragraph III(D) of the DHO report says the hearing officer also "considered" a "Memorandum, Dated 06-22-03,"[3] neither party has submitted this memorandum or identified its contents.  Even assuming that the memorandum contained information from a confidential informant, the hearing officer does not cite the memorandum as a basis for his finding of guilt.  Paragraph III(E) of the DHO report, addressing the use of confidential information by the hearing officer in support of his findings, is marked "N/A."  In Section V of the report entitled, "Specific Evidence Relied on to Support Findings," the hearing officer refers only to the witnessing officer's report and the evidence of Petitioner's earlier altercation, which came from Petitioner's testimony and the statements of his own inmate witnesses.  This evidence, as stated, satisfies Hill's standard on its own.  Because the disciplinary decision is supported by "some evidence"

---

[3]DHO Report (docket entry #6, p.11).

other than the alleged confidential informant information, Petitioner's challenges to the reliability or non-disclosure of any confidential information must fail.  See Espinoza v. Peterson, 283 F.3d 949, 952 (8th Cir. 2002) (where there is other evidence supporting a prison disciplinary decision, due process is satisfied without determining the reliability of a confidential informant's statement or reasons for non-disclosure).

Petitioner's argument that the hearing officer failed to consider his inmate witnesses is refuted by the DHO report, which specifically mentions them and their testimony.  (DHO Report [docket entry #6, pp. 11-12].)  Finally, the Court cannot resolve any issue regarding Petitioner's disciplinary appeal because none of the appeal records have been submitted here.  In any event, his only argument is that the regional office incorrectly stated that the hearing officer did not rely upon a confidential informant.  As stated above, the DHO report does not show that any confidential information provided the basis for the hearing officer's decision.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus is DISMISSED in its entirety, with prejudice.

IT IS SO ORDERED this 19th day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE